U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 2 3 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| GULF CROSSING PIPELINE COMPANY LLC | CIVIL ACTION NO. 08-689 |
| VERSUS | JUDGE JAMES |
| 86.36 ACRES OF LAND, MORE OR LESS, SITUATED IN CADDO, BOSSIER, CLAIBORNE, UNION, OUACHITA, MOREHOUSE, RICHLAND, AND MADISON PARISHES, LOUISIANA | MAGISTRATE JUDGE |

## MEMORANDUM RULING

This matter came on for hearing on January 23, 2009, on the motion of plaintiff Gulf Crossing Pipeline Company LLC ("Gulf Crossing") for entry of default judgment (Tracts 1118.000, 1440.100, 1979.200, 1981.400, and 1982.100 only). See Rec. Doc. 135. Having previously found that Gulf Crossing is an interstate natural gas pipeline company; that it has properly exercised its right of eminent domain under the Natural Gas Act, 15 U.S.C. § 717f(h); and that its condemnation of the Permanent Servitudes and Temporary Workspaces at issue is for a public and necessary purpose (see Rec. Docs. 77 & 113); having previously entered Judgments placing Gulf Crossing into immediate possession of the subject Permanent Servitude and Temporary Workspaces (see Rec. Doc. 78 & 114); and now having considered Gulf Crossing's motion for entry of default judgment, supporting memorandum, witnesses' testimony, and the evidence presented at the hearing regarding the amount of just compensation due and payable

by it for the property rights at issue, and the record herein including the evidence previously admitted at the hearings on June 18 and August 5, 2008, the Court finds that the motion is well founded and should, therefore, be **GRANTED** for the reasons set forth below.

## I. PARTIES

Plaintiff Gulf Crossing is a Delaware limited liability company whose principal place of business is 9 Greenway Plaza, Suite 2800, Houston, Texas 77046. Gulf Crossing is registered to do business in the State of Louisiana. Gulf Crossing was created to engage in the transportation of natural gas in interstate commerce and is, therefore, a natural-gas company within the meaning of the Natural Gas Act, 15 U.S.C. § 717-717z. This is an in rem action by Gulf Crossing, pursuant to 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1, for the condemnation of natural gas pipeline servitudes and rights of use across various tracts of land located in Claiborne, Morehouse, Richland, and Madison Parishes, Louisiana. The defendants are tracts of land, individuals, and other entities, which have or may have ownership interests in those tracts of land. Pursuant to Federal Rule of Civil Procedure 71.1(b), Gulf Crossing has joined separate pieces of property in a single action.

## II. JURISDICTION AND VENUE

The court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 717f(h)(the Natural Gas Act). Pursuant to 28 U.S.C. § 717f(h), with respect to each tract of land at issue, the amount claimed by the owners

for the property rights to be condemned herein exceeds $3,000.00. Pursuant to 28 U.S.C. § 1391(a)(b)(2), venue is proper in the Western District of Louisiana, Monroe Division, because the property is located therein.

## III. THE PIPELINE

Gulf Crossing was created for the purpose of receiving, transporting, and delivering natural gas to various users. The natural gas to be transported by Gulf Crossing will ultimately be used by local distribution companies, electric generators, and other residential and commercial users of natural gas. Gulf Crossing's natural gas pipeline will connect with other major interstate natural gas pipeline networks serving the Northeast, Midwest, and Southeast United States. As an interstate natural gas pipeline company, Gulf Crossing is regulated by the Federal Energy Regulatory Commission ("FERC"). See 15 U.S.C. § 717f. On June 19, 2007, pursuant to Section 7(c) of the Natural Gas Act, 15 U.S.C. § 717f, Gulf Crossing filed an application for a certificate of public convenience and necessity with FERC (docket numbers CP07-398-000, CP07-398-001, CP07-399-000, and CP07-4000-000) to construct, own, and operate approximately 353.2 miles of new natural gas pipeline and appurtenant auxiliary facilities, extending from a point near Sherman, Texas, to existing natural gas pipeline interconnects near Tallulah, Madison Parish, Louisiana (hereinafter referred to as the "Pipeline"). When completed, the Pipeline will transport additional supplies of up to 1.732 Bcf per day of natural gas primarily from the prolific Barnett Shale, Caney Woodford Shale, and other production areas in Texas and Southeast Oklahoma to markets in the Midwestern, Northeastern, and Southeastern United States, including

those in Louisiana. The estimated capital cost of the Pipeline is $1,470,029,646.00. On March 21, 2008, FERC issued a Final Environmental Impact Statement, designating and approving the Pipeline's proposed route. On April 30, 2008, FERC entered an order, issuing Gulf Crossing a certificate of public convenience and necessity and authorizing it to construct, operate, and maintain the Pipeline, with an in-service date of no later than April 30, 2009. On May 1, 2008, Gulf Crossing accepted the terms and conditions set forth in FERC's order. Gulf Crossing has entered into binding commitments with various pipeline construction companies to build the Pipeline, with construction having commenced on or about June 1, 2008. Gulf Crossing has already acquired the vast majority of the servitudes and rights of way necessary to construct, operate, and maintain the Pipeline through voluntary purchase agreements with the affected landowners.

## IV. GULF CROSSING IS ENTITLED TO EXERCISE THE RIGHT OF EMINENT DOMAIN

The Pipeline will cross the tracts of land identified in the Appendix to the accompanying Judgment. In order to construct and place the Pipeline in service and to operate and maintain the same, Gulf Crossing must acquire the following property rights with respect to each tract of land at issue:

    (a)    A permanent pipeline servitude/right of way, as described and depicted in the Appendix to the accompanying Judgment, along with all of the rights and privileges reasonably necessary for Gulf Crossing to construct, operate, and maintain a forty-two inch (42") outside diameter natural gas pipeline (the "Pipeline"), including, but not limited to, the right of ingress and egress to and from the Pipeline, which

    includes but is not limited to the use of any existing roads (herein referred to as the "Permanent Servitude") and

 (b) The right to use strips of land, running adjacent to and parallel with the Permanent Servitude and other areas necessary for construction, as described and depicted in the Appendix to the accompanying Judgment, during initial construction and installation of the Pipeline and the necessary appurtenances thereto, along with all of the rights and privileges reasonably necessary for Gulf Crossing to construct and install the Pipeline, including, but not limited to, the right of ingress and egress to and from the Pipeline, which includes but is not limited to the use of any existing roads (herein referred to as the "Temporary Workspace"). After such initial construction and installation of the Pipeline and the necessary appurtenances thereto, the right to use the Temporary Workspace shall terminate.

Gulf Crossing has not been able to reach voluntary agreements with the owners of the tracts at issue for the acquisition of the necessary property rights to construct, operate, and maintain the Pipeline. Pursuant to the power granted it by 15 U.S.C. § 717f(h) and the aforementioned certificate of public convenience and necessity, Gulf Crossing has properly exercised its right of eminent domain in the United States District Court in which the subject tracts of land are located and, with respect to each affected tract of land, is entitled to condemn the Permanent Servitude and the Temporary Workspace in connection with its right to construct, operate and maintain the Pipeline.

  Gulf Crossing's right to condemn, on a tract by tract basis, the Permanent Servitude and the Temporary Workspace was confirmed by the Court in June 18, 2008, and August 5, 2008 Memorandum Rulings and Judgments.[1] See Rec. Docs. 77, 78,

---

[1] In Transcontinental Gas Pipe Line Corp. v. 118 Acres of Land, 745 F. Supp.

113, 114. For the reasons stated in those rulings, the Court has already placed Gulf

---

366, 369 (E.D. La. 1990), the court explained:

> Under federal law, the legislative and administrative determinations of public purpose and necessity are rarely overturned by the courts. See Berman v. Parker, 348 U.S. 26, 75 S. Ct. 98 (1954). A federal court should give presumptive weight to a FERC certificate and leave the inquiry into the public purpose and necessity to the legislative and administrative arm of the government. The United States Court of Appeal for the Fifth Circuit has noted that the courts have no jurisdiction to review the legislative or administrative discretion as to the extent of the right, interest or estate in property to be taken. See Swan Lake Hunting Club v. United States, 381 F.2d 238, 241, fn.4 (5th Cir. 1967).
>
> FERC has exclusive regulatory jurisdiction over the transportation of natural gas in interstate commerce. In exercising that jurisdiction, FERC decided that [the subject project] would serve the public convenience and necessity . . . . Since FERC is the regulatory agency with the expertise to make a determination as to the necessity of [the project], the court finds that it should not attempt to second guess FERC with regard to [the same]. Moreover, the court notes that review of FERC orders are to be made only to United States Circuit Courts of Appeal. See 15 U.S.C. § 717r. The proper procedural vehicle for [the landowner] to question the necessity for [the project] is to seek modification of the FERC certificate, and not to challenge the FERC decision in this court.

Id. at 372. See also Williams Natural Gas Co., v. City of Oklahoma City, 890 F.2d 255, 261 & 266 (10th Cir. 1989), cert. denied, 497 U.S. 1003, 110 S. Ct. 3236 (1990)(holding that issues such as pipeline placement, routing and necessity, which could be raised in an FERC administrative proceeding or an appeal thereof, can only be addressed under the federal scheme for review); Florida Gas Transmission Co. v. An Approximately 9.854 Acre Natural Gas Transmission Pipeline Easement, No. 96-14083 (S.D. Fla. 6/15/98), 1998 WL 2018164 (same); East Tennessee Natural Gas, LLC v. 1.28 Acres in Smyth County, Virginia, Nos. 06-022, 06-028, 06-029, 06-036, 06-037 & 06-044 (W.D. Va. 4/26/06), 2006 WL 1133874, *10 (same); East Tennessee Natural Gas, LLC v. 3.62 Acres in Tazewell County, Virginia, Nos. 06-28 & 06-29 (W.D. Va. 5/18/06), 2006 WL 1453937 (same).

Crossing in possession of the subject property rights. In connection with those rulings, the Court found, and now reiterates based on the same evidence, that the condemnation of the property rights at issue and the completion of the Pipeline is in the public interest because it is consistent with the rationale and basis for FERC's certificate of public convenience and necessity. Moreover, the Court finds once completed, that the Pipeline will increase the overall supply of natural gas available for distribution to the public, providing downward pressure on natural gas prices. Finally, the Court finds that Gulf Crossing's condemnation of the property rights at issue will further the public interest in that it will aid in ensuring that the FERC-approved Pipeline will not be delayed.

## V. DEFAULT JUDGMENT

Gulf Crossing is seeking a default judgment of condemnation against Tracts 1118.000, 1440.100, 1979.200, 1981.400, and 1982.100 and any remaining defendants which have or may have an ownership interest in these tracts. The only remaining issue is the amount of just compensation due and payable by Gulf Crossing for the property rights at issue. Federal Rule of Civil Procedure 55, entitled "Default; default judgment," provides in pertinent part:

(a) Entering a Default.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

(1) By the Clerk.

If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk — on the plaintiff's request, with an affidavit showing the amount due — must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court.

In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

On September 26, 2008, pursuant to Rule 55(a) and Local Rule 55.1W, the Clerk of Court, as a prerequisite to Gulf Crossing's obtaining a default judgment, entered default against Tracts 1118.000, 1440.100, 1979.200, 1981.400, and 1982.100 and any remaining defendants which have or may have an ownership interest in these tracts. See Rec. Doc. 122. Pursuant to Local Rule 55.1W, at least 10 calendar days have

elapsed since the entry of default. On November 24, 2008, Gulf Crossing filed a motion for a default judgment hearing and for entry of default judgment (Tracts 1118.000, 1440.100, 1979.200, 1981.400, and 1982.100 only). See Rec. Doc. 135. A hearing on Gulf Crossing's motion was held on January 23, 2009, at which it appeared and presented evidence in support of its motion for default judgment.

Based on the evidence adduced by Gulf Crossing, the Court finds:

- that all remaining defendants which have or may have an ownership interest in Tracts 1118.000, 1440.100, 1979.200, 1981.400, and 1982.100 have been served with process, either personally or by publication, pursuant to Rule 71.1(d);

- that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 717f(h) (the Natural Gas Act);

- that with respect to each tract of land at issue, the amount claimed by the owners for the property rights to be condemned herein exceeds $3,000.00;

- that tracts 1118.000, 1440.100, 1979.200, 1981.400, and 1982.100 are situated within the Western District of Louisiana;

- that no remaining defendant which has or may have an ownership interest in Tracts 1118.000, 1440.100, 1979.200, 1981.400, and 1982.100 has timely filed a responsive pleading, answered, or otherwise defended the suit within the delay allowed by Rule 71.1(e);

- that no known, remaining defendant which has or may have an ownership interest in Tracts 1118.000, 1440.100, 1979.200, 1981.400, and 1982.100 is an infant, incompetent, or active duty servicemember; and

- that any defendant who was entitled to notice of the entry of default, Gulf Crossing's motion for entry of

default judgment, and/or of the hearing date was provided with such notice.

Further, based on the testimony of David W. Volentine, MAI ("Volentine"), who tendered and accepted by the Court as an expert in real estate appraisal, and Sam D, Crawford, ACF, CF, ("Crawford"), who was tendered and accepted by the Court as an expert in timber appraisal, and their reports, which were admitted into evidence without objection, the Court finds that the just compensation due and payable by Gulf Crossing, on a tract-by-tract basis, for the property rights in question is as follows:

| Tract 1118.000 | $3,820.00 |
|---|---|
| Tract 1440.100 | $3,001.00 |
| Tract 1979.200 | $3,001.00 |
| Tract 1981.400 | $3,212.00 |
| Tract 1982.100 | $5,140.00 |

Upon the deposit by Gulf Crossing of the foregoing amounts of just compensation into the registry of the court for the benefit of the persons entitled thereto, ownership and title of the property rights described and depicted in the accompanying Judgment shall vest in Gulf Crossing, free and clear of all liens and encumbrances and other charges of whatsoever nature and free and clear of all right, title, and interest of the defendants and all other known and unknown owners.

## VI. CONCLUSION

Based on the foregoing, Gulf Crossing's motion for entry of default judgment (Tracts 1118.000, 1440.100, 1979.200, 1981.400, and 1982.100 only) is **GRANTED**. A Judgment consistent herewith shall be issued by the Court.

**THUS DONE AND SIGNED** in Monroe, Louisiana, on this the 23 day of January, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE